UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VRINDER SINGH RANDHAWA *et al.*,

    *Plaintiffs*,

v.

DEPARTMENT OF HOMELAND
SECURITY *et al.*,

    *Defendants*.

No. 20-cv-3200 (DLF)

## ORDER

Vrinder Singh Randhawa alleges that the Department of Homeland Security mistreated him during his immigration proceedings. His core allegation is that the agency unreasonably delayed in granting his applications for employment authorization and travel documents, thereby preventing him from visiting his ill and now-deceased father. *See* Compl. ¶¶ 4, 9, 16, Dkt. 1; Compl. Ex. G, Dkt. 1-1. He also alleges that Department officials treated him in a "belligerent and unhelpful" manner. Compl. ¶ 12. In this action, Randhawa seeks money damages from the Department pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, which waives federal sovereign immunity in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* § 1346(b)(1). To support that claim, he argues that Department is liable for both several constitutional torts, *see* Compl. ¶ 43, and the wrongful death of his father, *id.* ¶ 28. Before this Court are the Department's motion to dismiss, Dkt. 19; Randhawa's motions to add new plaintiffs, Dkt. 13, add new claims, Dkt. 14, and require document production, Dkt. 15; and

Randhawa's motion for a default judgment, Dkt. 12.  For the following reasons, the Court will grant the Department's motion and deny Randhawa's motions.

Before addressing the merits of any plaintiff's claim, this Court must determine whether it has subject-matter jurisdiction.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).  Federal district courts may hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).  When reviewing a motion to dismiss for lack of jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted).  At the same time, plaintiffs bear the burden of establishing subject-matter jurisdiction, *see Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015), and courts must raise obstacles to their jurisdiction *sua sponte*, *see Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849 (2019).  A court that lacks jurisdiction must dismiss the action.  *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Here, this Court lacks jurisdiction because Randhawa sued the wrong defendant.  "The United States of America is the only proper defendant in a suit under the FTCA." *Chandler v. Fed. Bureau of Prisons*, 226 F. Supp. 3d 1, 6 n.3 (D.D.C. 2016); *see also Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016) ("[A] plaintiff may not bring tort claims against federal officials in their official capacities or against federal agencies; the proper defendant is the United States itself[.]"); *see also* 28 U.S.C. § 2679(a).  Randhawa's failure to name the United States as the defendant is a sufficient ground for dismissing his complaint for lack of subject-matter jurisdiction.  *See Espinosa v. FCC Coleman (Medium)*, 2020 WL 2126680, at *2 (D.D.C. May 5, 2020); *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990).  Nonetheless, because this

Court must construe Randhawa's *pro se* complaint liberally, the Court will not rest on that ground alone. *See Espinosa*, 2020 WL 2126680, at *2.

This Court also lacks jurisdiction because Congress has not waived sovereign immunity for Randhawa's claims. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives that immunity for suits in which the federal government "would be liable to the claimant" as "a private person" "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). And the Supreme Court has consistently interpreted the phrase "law of the place" to mean "law of the State," thereby making state law "the source of substantive liability under the FTCA." *Meyer*, 510 U.S. at 478. For that reason, § 1346(b)(1) does not waive sovereign immunity for violations of federal law, including constitutional tort claims. *See id.* ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims"). Randhawa's reliance on constitutional torts fails for that reason. *See* Compl. ¶ 43. In addition, the FTCA's waiver of sovereign immunity does not extend to "[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k). Randhawa offers no plausible theory for how the Department's conduct in this cause could have caused his father's death, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation omitted)), much less in a way that would create tort liability for "private person[s]," 28 U.S.C. § 1346(b)(1). But even if he had offered such a theory, it is undisputed that his father passed away in a foreign country. Accordingly, any wrongful death action falls within the scope of § 2680(k), and thus outside of the FTCA's waiver of sovereign immunity. *See* Compl. ¶ 28.

Finally, even if Congress had waived sovereign immunity, this Court would still lack jurisdiction because Randhawa has not exhausted his administrative remedies. "The FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). To satisfy that requirement, which is jurisdictional, a plaintiff must have presented the agency with "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *GAF Corp. v. United States*, 818 F.2d 901, 904–905 (D.C. Cir. 1987). Here, Randhawa timely sent the Department a claim for money damages. *See* Compl. Ex. F, Dkt. 1-1. But the claim itself does not mention any of the torts he presses in this action, or otherwise provide reasonable notice of the legal theories he now presses. *See id.* at 3–5. In addition, although the claim broadly asserts that Department erred in denying his immigration applications and prevented him from visiting his father, *see id.* at 3, it omits information necessary to understanding his claim. For example, Randhawa does not identify the grounds on which his applications were denied; the basis for his disagreement with those grounds; any description of the conduct he casts as "maladministration" or "institutional racism;" the location of the Department field office he visited; or the dates he visited it. *Id.* at 3. Absent that information, the Department could not "begin its own investigation" of the conduct Randhawa challenges. *GAF Corp.*, 818 F.2d at 905. Accordingly, Randhawa has failed to show that he exhausted his administrative remedies, as the FTCA requires. The Court thus dismisses his complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

The Court will also deny Randhawa's motions to raise additional tort claims under the FTCA. *See* Pl.'s Mot. for Leave to Amend, Dkt. 14. Courts may deny leave to amend a

4

complaint based on "futility of amendment," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and a proposed amendment is futile when it "would not survive a motion to dismiss," *Small Bus. in Transportation Coal. v. Dep't of Transportation*, 2021 WL 4399581, at *14 (D.D.C. Sept. 27, 2021) (quoting *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004)).  Here, Randhawa's motion to seek additional damages under the FTCA for violations of two federal criminal laws—18 U.S.C. § 241 and 18 U.S.C. § 245—fails because state law is "the [only] source of substantive liability under the FTCA," *Meyer*, 510 U.S. at 478.[1]  *See* Pl.'s Mot. to Add Claims at 2–3.  Next, his motion to allege a violation of a Colorado wrongful death statute fails because he has not plausibly alleged that his father passed away "from any injury resulting from or occasioned by [a person's] negligence, unskillfulness, or criminal intent," Co. Rev. Stat. § 13-21-201—let alone an injury with some connection to transportation, as that statute requires, *see id.*  *See* Pl.'s Opp'n to the Govt's Mot. for an Extension of Time, at 11, Dkt. 12.  Further, to the degree that Randhawa moved to allege violations of an unspecified Colorado anti-discrimination law, *see* Pl.'s Mot. for Leave at 2, his claim fails for the lack of any "factual matter, accepted as true," that could support an inference of discrimination, *Iqbal*, 556 U.S. at 678; *see also id.* ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (citation omitted)).  Finally, all three of the above claims are futile because Randhawa failed to exhaust them, as the FTCA requires.  *See GAF Corp.*, 818 F.2d at 905.  The Court accordingly denies his motions to amend.

---

[1] To the degree that Randhawa intended to raise standalone claims under those provisions, his motion fails because private persons may not bring criminal prosecutions, much less obtain money damages for violations of criminal statutes.  *See* 18 U.S.C. § 241, 245.

Those decisions require denying Randhawa's remaining motions as moot. Because there is no case or controversy between Randhawa and the Department, *see* U.S. Const. art. III, § 2, Randhawa cannot join additional plaintiffs, obtain discovery, or seek a default judgment. *See Heard v. United States Soc. Sec. Admin.*, 170 F. Supp. 3d 124, 129 & n.4 (D.D.C. 2016). The Clerk of Court is accordingly directed to close this case.

For the reasons stated above, it is

**ORDERED** that the defendant's Motion to Dismiss, Dkt. 19, is **GRANTED**. It is further

**ORDERED** that the plaintiff's Motion for Leave to Amend, Dkt. 14, is **DENIED**. It is further

**ORDERED** that the plaintiff's Motion for Joinder, Dkt. 13, is **DENIED** as moot. It is further

**ORDERED** that the plaintiff's Motion to Produce Documents, Dkt. 15, is **DENIED** as moot. It is further

**ORDERED** that the plaintiff's Motion for Default Judgment, Dkt. 12, is **DENIED** as moot. It is further.

**SO ORDERED**.

March 19, 2022

_____
DABNEY L. FRIEDRICH
United States District Judge